# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| TERESA L. RAHIER,<br><br>  Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC<br><br>  Defendant. | Case No.: 0:20-cv-2095<br><br>**COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL**<br><br>1. **FCRA, 15 U.S.C. § 1681,** *et seq.* |

Plaintiff Teresa L. Rahier ("Plaintiff"), through her attorneys, alleges the following against Defendant Equifax Information Services, LLC ("Equifax"):

## INTRODUCTION

This is a one-count complaint based on violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b), which requires consumer reporting agencies to assure maximum possible accuracy of the information that they report.

## JURISDICTION AND VENUE

1. The Court has federal question jurisdiction over this claim pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681.

1

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

3. Equifax transacts business in this district. As such, the Court has personal jurisdiction over Equifax.

## PARTIES

1. Plaintiff is a natural person residing in the city of Bovey in Itasca County, Minnesota.

2. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1681a(c).

3. Equifax is a "consumer reporting agency" ("CRA") as defined in 15 U.S.C. § 1681a(f).

4. Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers in the form of "consumer reports" (as defined in 15 U.S.C. § 1681a(d)) to be furnished to third parties.

5. Upon information and belief, Equifax disburses consumer reports to third parties under contract for monetary compensation.

6. Equifax's principal place of business is located at 1550 Peachtree Street NW, Atlanta, GA 30309.

7. At all relevant times, Equifax acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

1. In or around December 2006, Plaintiff opened an account for a consumer credit card, designated account #523 . . . (the "523 Account"). Upon information and belief, this account was at some point transferred to Mercury ("Creditor").

2. Plaintiff subsequently fell on hard times and had difficulties paying her bills. In particular, Plaintiff fell behind on her payments on the 523 Account during 2019.

3. On January 13, 2020, Plaintiff filed for a voluntary bankruptcy under Chapter 7 of Title 11 of the Bankruptcy Code. The bankruptcy petition was filed in the United States Bankruptcy Court for the District of Minnesota (Duluth), case number 20-bk-50035.

4. Plaintiff was discharged from her Chapter 7 bankruptcy on or about May 6, 2020. The discharge included amounts owed on the 523 Account.

5. Following the bankruptcy discharge, Plaintiff was eager to commence working to improve her credit and to obtain her "fresh start." She accordingly applied for a credit card, but was approved only for a very high interest rate.

6. To make sure that the post-bankruptcy discharge reporting on her credit reports were accurate, Plaintiff obtained copies from Equifax and the other national consumer reporting agencies, Experian Information Solutions, Inc. ("Experian") and TransUnion, LLC ("TransUnion").

7. Upon review, Plaintiff learned that Equifax did not report that the 523 Account had been discharged in bankruptcy, despite reporting the bankruptcy filing in the public records section and reporting other pre-bankruptcy accounts as discharged through bankruptcy.

8. Plaintiff also learned that Equifax was reporting the 523 Account with a charge off status, despite the account having been included in Plaintiff's bankruptcy and discharged in May 2020.

9. Plaintiff also learned that nonparty CRAs Experian and TransUnion were accurately reporting that the 523 Account balance had been discharged in Plaintiff's bankruptcy.

10. Upon information and belief, Equifax proactively sought out and paid for Plaintiff's public record bankruptcy information in order to post it in her credit report.

11. Upon information and belief, Equifax has been conducting such bankruptcy court inquiries via third party vendors for many years and searches daily for all U.S. consumer bankruptcy filings with the purpose of reporting them on consumers' credit reports.

12. Equifax does not maintain or follow reasonable procedures to ensure that pre-bankruptcy debts are definitively reported as either paid or discharged following the entry of a Chapter 7 bankruptcy discharge order and do not continue to report as derogatory payment history after the bankruptcy was filed.

13. Equifax received notice that accounts such as the 523 Account should report as discharged in bankruptcy because Equifax was reporting the bankruptcy as filed after the account was opened and then discharged.

14. Further, Equifax has been sued many times for similar conduct and is aware that, when it receives notice of a Chapter 7 bankruptcy discharge, all pre-bankruptcy installment loans or revolving accounts are automatically assumed to have been discharged through the consumer's bankruptcy (the "default rule").

15. Equifax also received notice of its inadequate post-bankruptcy reporting procedures through many lawsuits and FTC and Consumer Financial Protection Bureau complaints filed against Equifax for its inaccurate reporting following a Chapter 7 bankruptcy discharge.

16. Upon information and belief, Equifax had notice of Creditor's unreliable procedures to properly update the reporting of pre-Chapter 7 debt upon discharge of a bankruptcy. Equifax knew and understood that furnishers do not have a statutory obligation to update their past reporting and do not have liability if they do not provide such updates.

17. Equifax is reporting that Plaintiff may owe debt that she does not actually owe, thereby damaging her credit scores.

18. As a result of Equifax's conduct, Plaintiff has sustained actual damages including, but not limited to, embarrassment, anguish, and emotional and mental pain.

19. Equifax's reporting is particularly aggravating of Plaintiff's damages because the inaccurate reporting damages her credit scores and her credit, which she is attempting to rebuild after bankruptcy.

20. The inaccurate reporting by Equifax has caused Plaintiff stress and anxiety about her credit reputation.

21. Upon information and belief, Plaintiff had an application for credit approved only with a higher interest rate than would have been applicable absent the publishing of Equifax's inaccurate reporting.

## COUNT I
## Violations of the FCRA, 15 U.S.C. § 1681e(b)

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

24. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of credit reports and credit files that Equifax published and maintained concerning Plaintiff.

25. As a result of the above-described violations of § 1681e(b), Plaintiff has sustained damages, including less favorable credit terms, emotional distress, humiliation, and mental anguish.

26. The § 1681e(b) violations by Equifax were willful, rendering Equifax liable for punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, the violations by Equifax were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

27. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax in an amount to be determined pursuant to 15 U.S.C. § 1681n and § 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Equifax for the following:

A. declaratory judgment that Equifax violated the FCRA;

B. actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

C. statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

D. punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

E. costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

F. any pre-judgment and post-judgment interest as may be allowed under the law; and

G. any other relief that this Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted this 1st day of October 2020.

        s/Jenna Dakroub
        Jenna Dakroub
        Bar Number: 0401650
        Attorney for Plaintiff Teresa L. Rahier
        **Price Law Group**
        8245 N. 85th Way
        Scottsdale, AZ 85258
        Telephone: (818) 600-5513
        Email: jenna@pricelawgroup.com